## MILLER v. IRISH.

*Evidence — of employment — commissions — for sale of real estate.*

In an action to recover of the vendor commissions upon the sale of a farm, the defense was that plaintiff had not been employed to sell the farm. *Held*, that evidence that plaintiff was in the employ of the purchaser of the farm was admissible on behalf of defendant.

There was a question as to the fact of plaintiff's employment, and also as to its extent in time. *Held*, that under such a question defendants were entitled to show all that he did bearing upon the subject of the sale up to the delivery of the deed.

But if plaintiff was only employed to find a purchaser, he would have earned his compensation when the contract of sale was executed, and evidence of his subsequent conduct would be inadmissible. *Knapp* v. *Wallace*, 41 N. Y. 477; *Barnard* v. *Mannett*, 3 Keyes, 203; *Redfield* v. *Tegg*, 38 N. Y. 212; *Lloyd* v. *Matthews*, 51 id. 477. But he was bound to show employment; the extent of it, and that he had performed his part of the contract. *Sundorf* v. *Schmidt*, 55 N. Y. 319; *Moses* v. *Burlong*, 31 id. 462.

APPEAL by plaintiff from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial.

The action was brought by Jacob P. Miller against William Irish, and another to recover commissions upon the sale of a farm.

*W. C. Benton*, for appellant.

*Gaul & Esselstyn*, for respondents.

BOCKES, J.

The head-note states fully the only points passed upon in the opinion.

*Judgment affirmed.*